<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HOPEWELL TOWNSHIP BOARD OF EDUCATION, | |
| Plaintiff, | Civil Action No. 19-6287 (MAS) (ZNQ) |
| v. | **MEMORANDUM OPINION** |
| C.B. on behalf of C.B., | |
| Defendant. | |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Plaintiff Hopewell Township Board of Education's ("Plaintiff" or the "District") Motion for Summary Judgment. (ECF No. 30.) Defendant C.B. ("Defendant"), on behalf of her minor child, opposed the Motion (ECF No. 43-1), and Plaintiff replied (ECF No. 44). The Court has carefully considered the parties' positions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is denied.

I.      <u>**BACKGROUND**</u>

A.      **Overview of the Individuals with Disabilities Education Act**

Through the Individuals with Disabilities Education Act ("IDEA"), the federal government provides funding to assist states with educating disabled children living within their borders. *See* 20 U.S.C. § 1400, *et seq.*; *see also Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 267 (3d Cir. 2014). States receiving these federal funds must comply with an extensive set of policies and procedures to guarantee all disabled children receive a free appropriate public education. 20 U.S.C.

§§ 1412, 1413; *see also Blunt*, 767 F.3d at 267–68. New Jersey has enacted statutes and regulations to satisfy its obligations under the IDEA, *see* N.J. Admin. Code § 6A:14, *et seq.*, including designating the New Jersey Office of Administrative Law (OAL) to hear special education complaints, N.J. Admin. Code § 6A:14-2.7.

Access to the IDEA's special education services "requires an evaluation [of the child] from a public agency, such as a school district board of education." *M.S. v. Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x 91, 93 (3d Cir. 2019) (citing 20 U.S.C. §§ 1401(19)(A), 1414(a)(1)(A); N.J. Admin. Code §§ 6A:14-2.5, 6A:14-3.1(a)–(b)). Parents may, however, seek their own independent educational evaluation ("IEE"). *See* 34 C.F.R. § 300.502; N.J. Admin. Code § 6A:14-2.5(c). Furthermore, "[t]he text of both the federal and state regulations provide public funding [for an IEE] when (1) a public agency conducts an evaluation; and (2) the parent disagrees with that evaluation." *Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x at 93; 34 C.F.R § 300.502(b)(1) (providing that "[a] parent has the right to an [IEE] at public expense *if* the parent disagrees with an evaluation obtained by the public agency" (emphasis added)); N.J. Admin. Code § 6A:14-2.5(c) (providing that "[u]pon completion of an initial evaluation or reevaluation, a parent may request an [IEE at public expense] *if* there is a disagreement with the initial evaluation or a reevaluation provided by a district board of education" (emphasis added)); *see also Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 274 (3d Cir. 2007) (noting that the Third Circuit has applied 34 C.F.R. § 300.502(b)(1) broadly).

An IEE "shall be provided at no cost to the parent *unless* the school district initiates[, no later than twenty calendar days after receipt of the request,] a due process hearing to show that its evaluation is appropriate and a final determination to that effect is made following the hearing." N.J. Admin. Code § 6A:14-2.5(c)(1) (emphasis added); *see also* 34 C.F.R. § 300.502(b)(2) ("If a parent requests an [IEE] at public expense, the public agency *must* . . . (i) [f]ile a due process

complaint to request a hearing to show that its evaluation is appropriate; or (ii) [e]nsure that an [IEE] is provided at public expense . . . ." (emphasis added)). Such due process decisions by an administrative law judge ("ALJ") are final, 20 U.S.C. § 1415(i)(1)(A); 34 C.F.R. § 300.514, and are appealable by bringing a civil action in "any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy," 20 U.S.C. § 1415(i)(2)(A); *see* 34 C.F.R. § 300.516(a).

### B.    Factual Background

Defendant's minor child, C.B., is a student within the District who is eligible for special education and related services under the classification of "autistic." (Pl.'s Statement of Undisputed Material Facts ("PSUMF") ¶¶ 3–4, ECF No. 30-2; Def.'s Resp. to Pl.'s Statement of Undisputed Material Facts ("DRSUMF") ¶¶ 3–4, ECF No. 43; Administrative R. ("AR") 4, ECF No. 23-1.) From April to June 2016, the District completed several evaluations ("2016 evaluations") of C.B. to redetermine C.B.'s special education needs. (PSUMF ¶ 6; DRSUMF ¶ 6; AR 4.) On June 8, 2016, the District and Defendant met to discuss the evaluations' findings and to determine C.B.'s proper classification and educational plan. (PSUMF ¶ 7; DRSUMF ¶ 7; AR 4.) At this meeting, Defendant indicated agreement with the evaluations' findings and signed a consent form agreeing to the District's proposed educational plan. (PSUMF ¶ 7; DRSUMF ¶ 7; AR 137–44.)

Nearly two years later, on May 31, 2018, Defendant sent the District an e-mail message expressing disagreement with the 2016 evaluations and requesting an IEE at public expense, (PSUMF ¶ 8; DRSUMF ¶ 8; AR 187), stating:

> I am requesting an [IEE] for my son by an evaluator of my choice. I understand that [the] IDEA provides for an [IEE] at the public expense for the following areas:
>
>> 1.   Behavior assessment that includes a behavior plan if plan is indicated by the professional

2. Independent school psychological and learning
   evaluation completed by a neuropsychologist

I am requesting this [IEE] because I am not in agreement with his
current evaluation. I understand that unless the school district can
prove at a due process hearing that the current evaluation is
comprehensive, the school is responsible for the cost of the [IEE].

(AR 187).

Defendant's IEE request included educational, behavioral, and reading assessments to be
conducted by evaluators chosen by Defendant. (PSUMF ¶¶ 13–14; DRSUMF ¶¶ 13–14; AR 196,
199.) Following Defendant's request, the District sent an e-mail message to Defendant stating,
"[w]e know you disagree with our evaluation from 2016, . . . [and] we have agreed to the [IEEs]
in an effort to work cooperatively with you." (AR 202.) According to the District, however, the
evaluators Defendant requested were more expensive than those typically used, (*id.*), and the
District subsequently suggested two different doctors to complete the educational and behavioral
evaluations, (*id.* at 206; PSUMF ¶ 16; DRSUMF ¶ 16). Defendant rejected the District's proposed
evaluators and, on June 25, 2018, filed a due process complaint to compel the educational and
behavioral IEEs with the evaluators Defendant requested. (PSUMF ¶¶ 17–18; DRSUMF ¶¶ 17–
18; AR 282–86.) On July 10, 2018, Defendant filed a second due process complaint seeking to
compel an IEE to assess C.B.'s reading. (PSUMF ¶ 19; DRSUMF ¶ 19.) Both due process
complaints were referred to the OAL, where they were consolidated by the ALJ. (PSUMF ¶ 20;
DRSUMF ¶ 20; AR 3, 30–31.)

On December 5, 2018, following cross-motions for summary decisions by both parties, the
ALJ granted summary judgment in favor of Defendant, holding that "the parents are entitled to the
[IEEs] requested." (AR 11.) Specifically, the ALJ held that (1) Defendant did not have to disagree
with the 2016 evaluations at the time the evaluations were conducted to be entitled to an IEE at
public expense and that (2) the District's failure to file a due process claim within the statutory

4

window entitled Defendant to an IEE at public expense. (AR 9–11.) The District filed a motion for reconsideration of the ALJ's decision; the ALJ denied the motion for lack of jurisdiction. (PSUMF ¶¶ 24–25; Am. Compl. 25–28, ECF No. 14.)

Following the OAL decision, the District filed a Complaint in this Court seeking a reversal of the ALJ's order and opinion pursuant to 20 U.S.C. § 1415(i). (Compl. 11, ECF No. 1.) Defendant answered and filed a counterclaim, alleging: (1) IDEA violations entitling Defendant to reasonable attorney's fees and related costs associated with the OAL and present action, pursuant to 20 U.S.C. § 1415(i)(3)(B), (Def.'s Countercl. 8–9, ECF No. 6-1); and (2) violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), (*id.* at 9–10). On November 1, 2019, the District filed the instant Motion for Summary Judgment. (Pl.'s Mot. for Summ. J. 1–2, ECF No. 30.)

## II.    LEGAL STANDARD

"Where no new evidence has been presented to the Court, motions for summary judgment in an IDEA case are the procedural vehicle for asking the judge to decide the case based on the administrative record." *K.H. o/b/o B.Y. v. N. Hunterdon-Voorhees Reg'l High Sch.*, No. 05-4925, 2006 WL 2331106, at *4 (D.N.J. Aug. 10, 2006) (citation omitted). Furthermore, "[t]he standard of review under which this Court considers an appeal of a[n ALJ] decision under the IDEA 'differs from that governing the typical review of summary judgment.'" *M.A. ex rel. G.A. v. Voorhees Twp. Bd. of Educ.*, 202 F. Supp. 2d 345, 359 (D.N.J. 2002), *aff'd*, 65 F. App'x 404 (3d Cir. 2003) (quoting *Heather S. by Kathy S. v. Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997)). Plaintiff's Motion, "[a]lthough framed as a motion for summary judgment, . . . is actually an appeal of the ALJ's ruling," *G.S. v. Cranbury Twp. Bd. of Educ.*, No. 10-774, 2011 WL 1584321, at *8 (D.N.J. Apr. 26, 2011), and the Court will "essentially conduct[] a bench trial based on a stipulated record," *M.S. v. Mullica Twp. Bd. of Educ.*, 485 F. Supp. 2d 555, 566 (D.N.J. 2007).

5

"When deciding an IDEA case, the District Court applies a modified version of *de novo* review and is required to give due weight to the factual findings of the ALJ." *L.E. v. Ramsey Bd. of Educ.*, 435 F.3d 384, 389 (3d Cir. 2006). "Factual findings from the administrative proceedings are to be considered prima facie correct, and if the reviewing court does not adhere to those findings, it is obliged to explain why." *D.S. v. Bayonne Bd. of Educ.*, 602 F.3d 553, 564 (3d Cir. 2010) (internal quotation marks omitted) (citing *P.P. ex rel Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 734 (3d Cir. 2009)).

## III.   DISCUSSION

The instant appeal requires the Court to review the ALJ's decision finding that Defendant was entitled to an IEE at public expense. The ALJ reached this determination because (1) the IDEA does not impose time restrictions upon parents to disagree with a school district's evaluation and (2) the District failed to file a due process complaint as required by federal and state regulations.

### A.   IDEA's Timing Requirements

The District first argues that Defendant was never entitled to an IEE because she failed to disagree with the 2016 evaluations at or promptly after the time the evaluations were completed. (Pl.'s Moving Br. 1–2, ECF No. 30-1.) Furthermore, the District notes that Defendant expressly agreed with the 2016 evaluations at the June 2016 meeting between the parties. (*Id.* at 8; AR 137–44.) The District contends that this express agreement, along with a failure to disagree with the 2016 evaluations until nearly two years later, precludes Defendant from an IEE at public expense. (Pl.'s Moving Br. 8–9.) The ALJ disagreed, holding that "to conclude otherwise would place a time limitation upon the parent's entitlement to an [IEE] not otherwise found in the regulations." (AR 11.)

The Court agrees with the ALJ's decision. Neither the federal nor the state regulations pertaining to IEEs contain any time limitation for disagreement. *See* 34 C.F.R § 300.502(b)(1):

6

N.J. Admin. Code § 6A:14-2.5(c). Instead, both regulations state that the right to a publicly funded IEE is triggered upon a disagreement by the parents. *See* 34 C.F.R § 300.502(b); N.J. Admin. Code § 6A:14-2.5(c); *see also Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x at 93 ("The conjunction 'if' in both makes it clear that a publicly funded IEE follows a disputed evaluation by a public agency."). Although the New Jersey regulations provide for IEE requests to be made "[u]pon completion of an initial evaluation or reevaluation," N.J. Admin. Code § 6A:14-2.5(c), that language is not indicative of the time limitation the District argues applies. (Pl.'s Moving Br. 10).

The District also fails to cite any precedent in favor of its position. And a review of Third Circuit caselaw reveals no time limitation for parental disagreement with a school district's evaluations. Instead, parents simply must disagree with a school district's evaluation to be entitled to an IEE at public expense. *Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x at 93 ("Simply stated, only a disputed public evaluation can trigger a right for a publicly funded IEE."); *M.Z. ex rel. D.Z. v. Bethlehem Area Sch. Dist.*, 521 F. App'x 74, 76 (3d Cir. 2013) ("*If* a parent disagrees with the reevaluation report, the school district must fund an [IEE] unless it files a due process claim and successfully demonstrates its evaluation was 'appropriate.'" (emphasis added) (citing 34 C.F.R. § 300.502)); *W. Chester Area Sch. Dist.*, 585 F.3d at 740 (holding that parents were not entitled to reimbursement because an IEE was conducted prior to any evaluation by the school district and, thus, there was no disagreement); *DeFlaminis*, 480 F.3d at 274–75 (noting that the Third Circuit has applied the IEE regulation broadly but holding that, absent a disagreement with the district's evaluation, parents were not entitled to a publicly-funded IEE after expressly agreeing with the district's evaluation).

Defendant expressed clear disagreement with the District's 2016 evaluations when she sent an e-mail message to the District on May 31, 2018, stating, "I am requesting this [IEE] because I am not in agreement with [C.B.'s] current evaluation." (AR 187.) By disagreeing with the 2016

7

evaluations, Defendant was entitled to an IEE at public expense absent the District's filing of a due process complaint. The Court, therefore, affirms the OAL decision on this matter.

### B.     IDEA Procedural Requirements

The ALJ also held that Defendant was entitled to an IEE at public expense because the District failed to file a due process complaint. (AR 9.) Federal regulations state that "[i]f a parent requests an [IEE] at public expense, the public agency *must*, without unnecessary delay, either[:] (i) [f]ile a due process complaint to request a hearing to show that its evaluation is appropriate; or (ii) [e]nsure that an [IEE] is provided at public expense." 34 C.F.R. § 300.502(b)(2) (emphasis added). Under New Jersey regulations, "[IEEs] shall be provided at no cost to the parent *unless* the school district initiates a due process hearing . . . [n]ot later than [twenty] calendar days after receipt of the parental request." N.J. Admin. Code § 6A:14-2.5(c)(1)(ii) (emphasis added). The use of "must" and "unless" indicates that, absent a school district's due process complaint, a parent is entitled to an IEE at public expense. *Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x at 94 (holding that, in New Jersey, a public agency waives its right to object to a publicly funded IEE request when it fails to request a due process hearing within twenty days). Furthermore, the ALJ cited three OAL cases illustrating the rigidity of the due process complaint requirement. (AR 8–9 (citing *N. Highlands Reg'l Bd. of Educ. v. C.E. and A.E. ex rel. C.E.*, OAL Dkt. No. EDS 10891-16, Final Decision (Jan. 19, 2017) (school board's due process complaint was filed one day late and, therefore, time-barred); *Monroe Twp. Bd. of Educ. v. T.L. ex rel. I.L.*, OAL Dkt. No. EDS 15499-16, Final Decision (Nov. 29, 2016) (ALJ ordered payment of IEE after school board filed due process complaint twenty-seven days after IEE request receipt); *Haddonfield Bd. of Educ. v. S.R. ex rel. P.R.*, OAL Dkt. No. EDS 05392-16, Final Decision (June 24, 2016) (dismissing due process petition and ordering school board to provide IEE after school board filed due process complaint twenty-seven days after the request)).)

Here, the District never filed a due process complaint, (AR 3–4, 9; *see generally* PSUMF), and must provide Defendant with an IEE at public expense pursuant to 34 C.F.R. § 300.502(b) and N.J. Admin. Code § 6A:14-2.5(c). The Court, accordingly, affirms the OAL decision on this matter.

### C.    Plaintiff's Additional Arguments

The District also argues that (1) Defendant's due process complaint was time-barred under the IDEA and (2) Defendant would not be entitled to recover attorney's fees and costs if the District prevails on the instant Motion. (Pl.'s Moving Br. 12–16.)

#### 1.    Defendant's Due Process Complaints are not Time-Barred

The IDEA states that "[a] parent . . . shall request an impartial due process hearing within [two] years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C). The District argues that, since its evaluations were presented to Defendant on June 8, 2016, Defendant's June 25 and July 10, 2018 due process complaints were time-barred under the IDEA. (Pl.'s Moving Br. 13.) The alleged action that formed the basis of the complaint—the District's reluctance to use the evaluators Defendant suggested—did not occur until June 2018. (AR 187–212.) Defendant, therefore, was not time-barred under the IDEA from filing the underlying due process complaints.

Furthermore, and more importantly, parents are not required to file a due process complaint to receive an IEE at public expense under the IDEA. *Hillsborough Twp. Pub. Sch. Dist.*, 793 F. App'x at 94 n.2 ("[Section] 300.502 does not require a due process complaint to receive a publicly funded IEE."); 34 C.F.R. § 300.502(b). Defendant's due process complaints, therefore, were not prerequisites for a publicly funded IEE and any potential time restraints upon them would not have affected the outcome of this matter.

      2.     **Defendant's Attorney's Fees and Costs if the District's Motion is Granted**

The IDEA authorizes attorney's fees "as part of the costs to the parents of a child with a disability who is the prevailing party." *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006). To be considered a prevailing party, "a party must be 'successful' in the sense that it has been awarded some relief by a court." *Id.* at 853 (citing *Buckhannon Bd. and Care Home, Inc. v. W. Va. D.H.H.R.*, 532 U.S. 598, 603 (2001). The District argues that, if it succeeds on the instant Motion, Defendant will no longer be a prevailing party or entitled to attorney's fees. (Pl.'s Moving Br. 16.) Because the Court denies the District's Motion, this argument is moot.

**IV.    CONCLUSION**

For the reasons set forth above, the Court will affirm the OAL's decision. Plaintiff's Motion for Summary Judgment, therefore, is denied.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE